UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JASON W. PECK, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIR EVAC EMS, INC., d/b/a AIR EVAC LIFETEAM<br><br>Defendant. | Case No. |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1453, and 1446, Defendant Air Evac EMS, Inc. ("Air Evac") hereby files this notice to remove an action pending against them in the Fayette Circuit Court to the United States District Court for the Eastern District of Kentucky, Lexington Division, because (1) Plaintiff and other members of the putative class are citizens of a State different from Defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

The above facts were true when Plaintiff filed his Complaint and remain true as of the date of filing this Notice. As set forth in more detail below, all Class Action Fairness Act ("CAFA") requirements are satisfied.

### I. STATE COURT ACTION

1. Plaintiff Jason W. Peck, on behalf of himself and others similarly situated, filed this purported class action lawsuit on October 25, 2018 against Air Evac (the "Action"). The Action was assigned Case No. 18-CI-03774.

2. On or about October 30, 2018, Air Evac was served with a summons and copy of

Plaintiff's Petition.

3.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders included in the state court file are attached to this Notice as Exhibit A.

## II.    REMOVAL IS TIMELY

4.    Under 28 U.S.C. § 1446(b), Defendant's deadline to remove is November 29, 2018. This notice of removal is timely filed within thirty (30) days after Defendant first received service of the Complaint in the Action.

## III.    REMOVAL IS PROPER UNDER CAFA

5.    Removal under CAFA is proper given Plaintiff's allegations and claims. Plaintiffs' Complaint asserts causes of action for: (1) violations of state overtime requirements under K.R.S. Chapter 337; and (2) unjust enrichment.

6.    CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes in the aggregate is over 100; and where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

7.    This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class of plaintiffs is a citizen of a state different from Defendant, the number of members in Plaintiff's proposed classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

### A. CAFA's Diversity of Citizenship Requirement is Satisfied.

8. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens. 28 U.S.C. §§ 1332(d)(2).

9. At all relevant times, Plaintiff has been a resident of Kentucky. (Ex. A, Complaint ¶ 2).

10. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 78. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

11. Defendant is a corporate entity organized under the laws of the State of Missouri with its principal place of business in O'Fallon, Missouri. Air Evac's executive management has directed, controlled, and coordinated its activities from there. Defendant has not been organized under the laws of Kentucky nor had its principal place of business there.

12. Minimal diversity under CAFA is established because Plaintiff is a citizen of Kentucky and Defendant is a citizen of Missouri.

### B. CAFA's Class Size Requirement is Satisfied.

13. CAFA authorizes the removal of class action cases in which the number of all proposed plaintiff classes in the aggregate is over 100. 28 U.S.C. § 1332(d).

14. Plaintiff brings this Action on behalf of himself and "other similarly situated employees who are or were employed by Air Evac as non-exempt employees, including flight paramedics, flight nurses, and pilots between October 25, 2013 and the time of trial." Ex. A, Complaint ¶ 11.

15. Peck alleges there are at least two hundred (200) members of the putative class. Ex. A, Complaint ¶ 25.

16. From October 25, 2013 to the present, Air Evac has employed approximately 400 flight nurses, flight paramedics, and pilots in Kentucky.

C. **CAFA's Amount in Controversy Requirement is Satisfied.**

17. CAFA authorizes removal of class actions cases in which the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

18. The "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5,000,000]." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

19. Plaintiff seeks the recovery of unpaid overtime, liquidated damages, attorneys' fees, and punitive damages on behalf of himself and the putative class. (Ex. A, Complaint ¶ 35). Taking Plaintiff's allegations at face value (discussed in detail below), the Complaint satisfies the $5,000,000 threshold for CAFA removal. *See* 28 U.S.C. § 1332(d).[1]

20. Plaintiff alleges that he and similarly situated employees worked seven consecutive twelve-hour shifts, followed by a period of seven days off work, and that Air Evac did not provide

---

[1] In alleging the amount in controversy for CAFA removal, Defendant does not concede in any way that Plaintiff's allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Defendant does not concede that any or all putative class members are entitled to any recovery, or are appropriately included in the Action.

overtime compensation during weeks when putative class members worked eighty-four hours in a week. Plaintiff further alleges some similarly situated employees worked twenty-four hour shifts, but were not provided overtime compensation unless they worked in excess of four shifts per two-week pay period.

21. Plaintiff alleges that the putative class members should have been paid overtime pursuant to Kentucky Revised Statute § 337.285, which provides that all hours worked in excess of forty hours in one work week must be compensated at one-and-one-half times an employee's regular rate of pay. K.R.S. § 337.285.

22. In 2018, the starting hourly rate for pilot members of the putative class is $28.72 per hour. The highest hourly rate for a pilot member of the putative class is $40.29 per hour. These hourly rates generally increase at a rate of 2% per year.

23. In 2018, the starting hourly rate for flight nurse members of the putative class is $26.26 per hour. The highest hourly rate for a flight nurse member of the putative class is $28.70 per hour. These hourly rates generally increase at a rate of 2% per year.

24. In 2018, the starting hourly rate for flight paramedic members of the putative class is $19.06 per hour. The highest hourly rate for a flight paramedic member of the putative class is $20.83 per hour. These hourly rates generally increase at a rate of 2% per year.

25. Air Evac currently employs 63 flight nurses, 57 flight paramedics, and 51 pilots in Kentucky. The number of active flight nurses, flight paramedics and pilots in Kentucky was relatively the same in 2017.

26. Based on Plaintiff's allegations, the amount in controversy for unpaid overtime wages for 2018 is approximately $4,811,114.88. This amount was calculated as follows:

a. Flight Nurses: $13.13 (the overtime premium allegedly owed assuming all flight nurses were paid at the lowest hourly wage) x 44 (average hours worked over 40 per workweek) x 3,276 (total number of workweeks worked in a year by the 63 current flight nurses) = $1,892.610.72

b. Flight Paramedics: $9.53 (the overtime premium allegedly owed assuming all flight paramedics were paid at the lowest hourly wage) x 44 (average hours worked over 40 per workweek) x 2,964 (total number of workweeks worked in a year by the 57 current flight paramedics) = $1,242,864.48.

c. Pilots: $14.36 (the overtime premium allegedly owed assuming all pilots were paid at the lowest hourly wage) x 44 (average hours worked over 40 per workweek) x 2,652 (total number of workweeks worked in a year by the 51 current pilots) = $1,675,639.68.

27. Assuming that these putative class members were paid approximately 2% less in 2017, the amount in controversy for unpaid overtime wages for 2017 was approximately $4,714,892.58.

28. Thus, even if we assume that putative class members were paid at the lowest hourly wage, which wasn't the case, the $5,000,000 amount in controversy requirement is reached based on unpaid overtime claims alone in 2017 and 2018, without considering unpaid overtime prior to 2017, liquidated damages, attorneys' fees, punitive damages, or damages for the claim of unjust enrichment.

### IV. VENUE IS PROPER IN THIS COURT

29. Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Fayette Circuit Court is within the Eastern

District of Kentucky, Lexington Division. Therefore, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

30. As required by 28 U.S.C. § 1446(d), Defendant provided Notice of Removal to Plaintiff through his attorneys of record.

31. As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal will be filed with the Fayette Circuit Court.

## CONCLUSION

For the foregoing reasons, Defendant Air Evac EMS, Inc. removes this action from Fayette Circuit Court to the United States District Court for the Eastern District of Kentucky, Lexington Division.

Respectfully submitted,

**FROST BROWN TODD, LLC**

*/s/ Keith Moorman*
Keith Moorman, KBA# 49875
250 West Main Street, Suite 2800
Lexington, Kentucky 40507
Phone: (859) 231-0000
Facsimile: (859) 231-0011
kmoorman@fbtlaw.com

*Of Counsel*

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

Rodney A. Harrison, #44566 (Missouri)
   *Pro hac vice* application in process
Mallory M. Stumpf, #70377 (Missouri)
   *Pro hac vice* application in process
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Phone: (314) 802-3935
Facsimile: (314) 802-3936

>rodney.harrison@ogletree.com
>mallory.stumpf@ogletree.com
>
>*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

      I hereby certify that on November 19, 2018, I electronically filed the foregoing with the Clerk or Court using the CM/ECF system, and that a copy of the foregoing was served by first class mail, postage prepaid, to Plaintiff's counsel of record:

Charles W. Arnold
Christopher D. Miller
Arnold & Miller, PLC
401 West Main Street, Suite 303
Lexington, KY 40507
Phone: 859-381-9999
Fax: 859-389-6666
carnold@arnoldmillerlaw.com
cmiller@arnoldmillerlaw.com

J. Robert Cowan
Gerry L. Calvert, II
H. Gera Meyman
Cowan Law Office, PLC
2401 Regency Road, Suite 300
Lexington, KY 40503
Phone: 859-523-8883
Fax: 859-523-8885
kylaw@cowanlawky.com
gcalvert@cowanlawky.com
gmeyman@cowanlawky.com

Attorneys for Plaintiff

>*/s/ Keith Moorman*
>An Attorney for Defendant

36290334.1

36397285.1