



**EXHIBIT A**

**KENTUCKY COURT OF JUSTICE**

Commonwealth of Kentucky
Fayette County
Vincent Riggs
Circuit Court Clerk

Receipt Number: 27-0026264-A
DATE: 10/25/2018
TIME: 02:18 PM

*** (Z) OTHER TYPE RECEIPT ***

CASE NO: 18-CI-03774
RECEIVED FROM: JOHN COWAN
ACCOUNT OF: PECK, JASON W, ET AL VS. AIR EVA
PARTY NAME: JOHN COWAN

| # | Description | Amount |
|---|---|---|
| 1. | ATJ Fee (1) | 20.00 |
| 2. | Civil Filing Fee (Q) | 150.00 |
| 3. | Court Technology MCFO(K(CT)) | 20.00 |
| 4. | Library Fee (L) | 1.00 |
| 5. | Court Facilities Fee (|) | 25.00 |
| 6. | Att Tax Fee MCFO(K(Q)) | 5.00 |
| 7. | Jury Demand /12 CS(W(M)) | 70.00 |
| 8. | Postage/Cert. Mail MCFO(K(H)) | 11.98 |
| 9. | Copy-Photocopy CS(W(F)) | 0.90 |

TOTAL: $303.88

CREDIT CARD: $303.88

***DIFF: 0.00

*** Credit Card Invoice #: 84212644

Envelope #: 1276981
Prepared By: Web_Payment
** MCFO=Money Collected for Others
** CS=Charge for Services

Filing (KYCOURTS)                                Page 1 of 2



Filed          18-CI-03774    10/25/2018         Vincent Riggs, Fayette Circuit Clerk

*Filed Electronically*

COMMONWEALTH OF KENTUCKY
22nd JUDICIAL CIRCUIT
FAYETTE CIRCUIT COURT
DIVISION ___
18-CI-_____

JASON W. PECK, individually, and
on behalf of others similarly situated          PLAINTIFFS,

v.

AIR EVAC EMS, INC. D/B/A AIR EVAC LIFETEAM          DEFENDANT.

    SERVE: Corporation Service Company
    421 West Main Street
    Frankfort, KY 40601
    CERTIFIED MAIL—Return Receipt Requested.

## COMPLAINT

Plaintiff, Jason W. Peck ("Peck"), on behalf of himself and all others similarly situated, states the following complaint against Air Evac EMS, Inc. doing business as Air Evac Lifeteam ("Air Evac"):

### JURISIDICTION AND VENUE

1. This action arises under Kentucky Revised Statute Chapter 337, and other relevant similar state laws that provide certain protections to employees to, *inter alia,* ensure proper payment of wages, including overtime compensation.

2. Peck is a resident of the Commonwealth of Kentucky, residing in Jessamine County, Kentucky.

3. Air Evac is a Missouri corporation duly authorized to conduct business within the Commonwealth of Kentucky with its registered agent in Franklin County, Kentucky.

Page 1 of 7

Presiding Judge: HON. THOMAS L. TRAVIS (622370)

COM : 000001 of 000007

Filed          18-CI-03774   10/25/2018          Vincent Riggs, Fayette Circuit Clerk

4. Air Evac has physical work locations in Bell, Boyle, Breckenridge, Christian, Clay, Clinton, Floyd, Grant, Harlan, Morgan, Taylor, Warren, and Whitley counties, Kentucky. Furthermore, Air Evac provides air medical services in every county of Kentucky, including Fayette County, Kentucky.

5. On a daily basis, Air Evac conducts business operations within Fayette County, Kentucky, which subjects it to the jurisdiction of the Fayette Circuit Court.

6. During relevant times herein, Peck and others were employed by Air Evac within the Commonwealth of Kentucky, performing work in virtually every county of Kentucky, including Fayette County.

7. Air Evac qualifies as an employer under relevant laws including KRS 337.010(1)(d).

8. The plaintiff and putative class members qualify as employees under relevant laws including, but not limited to, KRS 337.010(1)(e) and (2)(a).

9. The amount in controversy is well in excess of five thousand dollars ($5,000).

10. Pursuant to laws including, KRS Chapters 337, 411, and 452, venue is appropriate in this jurisdiction.

## BACKGROUND FACTS
## RELEVANT TO ALL COUNTS

11. This is a representative action brought by Peck on behalf of himself and other similarly situated employees who are or were employed by Air Evac as non-exempt employees, including flight paramedics, flight nurses, and pilots, between October 25, 2013, and the time of trial.

Presiding Judge: HON. THOMAS L. TRAVIS (622370)

Filed          18-CI-03774   10/25/2018          2          Vincent Riggs, Fayette Circuit Clerk

CCM: 000002 of 000007

12. Peck and other similarly situated employees employed by Air Evac were not properly compensated for overtime hours worked in violation of relevant laws including KRS 337.385(1).

13. Peck was employed by Air Evac as a flight nurse in 2014 and 2015 in the Commonwealth of Kentucky.

14. Air Evac employs non-exempt employees, including flight paramedics, flight nurses, and pilots at each of their locations.

15. Peck and other flight paramedics, flight nurses, and pilots are required to routinely work more than forty (40) hours per week for Air Evac.

16. Peck and other flight paramedics, flight nurses, and pilots were not compensated at one-and one-half times their regular rate for all hours worked over forty (40) in a week.

17. Instead, Air Evac implemented a policy that states, in relevant part, "this position is considered non-exempt, which means that you will be eligible for shift pay for worked hours in excess of 7 shifts per given pay period."

18. Peck and others similarly situated were required to work seven (7) consecutive twelve (12) hour shifts, followed by a period of seven (7) days off work. Due to the above referenced policy, Air Evac did not provide overtime compensation notwithstanding the fact that the plaintiffs worked eighty-four (84) hours in a single week.

19. Other similarly situated employees worked twenty-four hour shifts, but were not provided overtime compensation unless they worked in excess of four (4) shifts per two week pay period.

Filed          18-CI-03774   10/25/2018          Vincent Riggs, Fayette Circuit Clerk

20. Compensation for work performed by Peck and other flight paramedics, flight nurses, and pilots employed by Air Evac is subject to the provisions of KRS Chapter 337.

21. In late 2018, Air Evac changed its pay practices to align with the requirements of KRS Chapter 337. Compliance with state overtime laws did not impact Air Evac's rates, routes, or services.

22. Despite Air Evac's clear acknowledgement that its past practice violated state overtime laws, the company failed to compensate or otherwise provide back-pay owed to its current and former employees.

## REPRESENTATIVE ACTION ALLEGATIONS

23. Peck brings this action as a representative action on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Air Evac.

24. Peck and all members of the putative class were subjected to the same unlawful pay practices, specifically the denial of overtime pay for work over forty (40) hours per week.

25. Peck believes that there are at least two hundred (200) members of the putative class.

26. The putative class claims have a common legal interpretation and factual basis which can be resolved in a single class action. Specifically, the common questions are: (1) Was Air Evac required to pay overtime in accordance with KRS Chapter 337, and (2) Did Air Evac properly pay overtime in accordance with KRS Chapter 337?

Presiding Judge: HON. THOMAS L. TRAVIS (622370)

COM : 000004 of 000007

Filed          18-CI-03774     10/25/2018              Vincent Riggs, Fayette Circuit Clerk

## COUNT ONE:
## VIOLATIONS OF KRS CHAPTER 337

27. Peck adopts by reference all preceding and subsequent averments as fully restated herein.

28. KRS Chapter 337 substantially sets forth state wage and hours laws intended to protect employees and ensure that they are justly compensated.

29. Pursuant to KRS 337.285(1), Air Evac was required to provide compensation at one-and-one-half times their regular rate for all hours worked over forty (40) in a week.

30. Air Evac failed to provide proper overtime compensation to its employees, ignoring the requirements of KRS 337.285(1).

31. Peck and all other similarly situated individuals were not exempt from the overtime requirements imposed by KRS 337.285(1).[1]

32. Air Evac's actions of failing to pay the plaintiff and the putative class members properly for all hours worked over forty (40) in a week at one-and-one-half times the individual's rate of pay constitutes a clear violation of KRS 337.285(1).

33. Such action constitutes a failure to compensate the plaintiffs for their overtime hours which proximately caused them to suffer economic harm.

34. Additionally, KRS 337.385(2) precludes an employer from contracting with an employee to circumvent the overtime requirements contained in KRS 337.285(1).

35. Pursuant to, *inter alia,* KRS 337.385, the plaintiffs are entitled to compensatory damages, an additional equal amount as liquidated damages, attorney's

---

[1] *See, e.g., Day v. Air Methods Corporation,* No. CV 5: 17-183-DCR, 2017 WL 4781863, at *1 (E.D. Ky. Oct. 23, 2017), where the Eastern District of Kentucky held that an air medical ambulance service was required to follow the provisions of KRS Chapter 337.

fees, and an award of punitive damages against Air Evac in an amount that exceeds the jurisdictional minimum of this Court.

## COUNT TWO:
## UNJUST ENRICHMENT

36. Peck adopts by reference all preceding and subsequent averments as fully restated herein.

37. Peck and all other similarly situated individuals are entitled to correct payment of wages.

38. Air Evac has been unjustly enriched by utilizing plaintiff and the putative class members' services without providing the required compensation earned by and owed to the plaintiffs.

39. As a direct and proximate result of Air Evac's unjust enrichment, the plaintiffs have been damaged, in large part by fraud, in an amount which exceeds the jurisdictional minimum of this Court.

## CONCLUSION

**WHEREFORE**, the plaintiffs respectfully request that this Court:

A. Certify this action as a class action under Kentucky Rule of Civil Procedure 23.02;

B. Enter judgment against Air Evac, granting the plaintiffs all available damages to the fullest extent of the law;

C. Awarded costs herein expended including an award of reasonable attorney's fees;

D. Trial by jury; and,

E. Provide such other legal and equitable relief to which they may be entitled.

Filed          18-CI-03774     10/25/2018          Vincent Riggs, Fayette Circuit Clerk

Respectfully Submitted,

ARNOLD & MILLER, PLC

\s\ Charles W. Arnold
Charles W. Arnold, Esq.
Christopher D. Miller, Esq.
401 West Main Street, Suite 303
Lexington, Kentucky 40507
Telephone: 859.381.9999
Facsimile: 859.389.6666
Email: carnold@arnoldmillerlaw.com
Email: cmiller@arnoldmillerlaw.com
CO-COUNSEL FOR PLAINTIFFS

and

COWAN LAW OFFICE, PLC

\s\ J. Robert Cowan
J. Robert Cowan, Esq.
Gerry L. Calvert, II, Esq.
H. Gera Meyman, Esq.
2401 Regency Road; Suite 300
Lexington, Kentucky 40503
Telephone: 859.523.8883
Facsimile: 859.523.8885
Email: kylaw@cowanlawky.com
Email: gcalvert@cowanlawky.com
Email: gmeyman@cowanlawky.com
CO-COUNSEL FOR PLAINTIFFS

Presiding Judge: HON. THOMAS L. TRAVIS (622370)

COM : 000007 of 000007

| AOC-E-105    Sum Code: CI |  | Case #: **18-CI-03774** |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **FAYETTE** |
| Court of Justice    Courts.ky.gov | **CIVIL SUMMONS** | |
| CR 4.02; Cr Official Form 1 | | |

Plantiff, **PECK, JASON W, ET AL VS. AIR EVAC EMS, INC.**, Defendant

TO: **CORPORATION SERVICE COMPANY**
  **421 WEST MAIN STREET**
  **FRANKFORT, KY 40601**

Memo: Related party is AIR EVAC EMS, INC.

The Commonwealth of Kentucky to Defendant:
**AIR EVAC EMS, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Vincent Riggs, Fayette Circuit Clerk
Date: **10/25/2018**

Presiding Judge: HON. THOMAS L. TRAVIS (622370)

US Postal Service® Certified Mail® Receipt
Domestic Mail Only
No Insurance Coverage Provided

CERTIFIED MAIL® ARTICLE NUMBER: 9414 7266 9904 2967 5317 07

| Postage | $ |
| Certified Mail Fee | $ |
| Return Receipt Fee (Endorsement Required) | $ |
| Restricted Delivery Fee (Endorsement Required) | $ |
| Total Postage & Fees | $ |

Postmark Here

Sent To:
AIR EVAC EMS, INC
C/O CORPORATION SERVICE CO
421 W MAIN ST
FRANKFORT, KY 40601
18-CI-3774

PS Form 3800, April 2015           SEE REVERSE FOR INSTRUCTIONS

Summons ID: @00000827754
CIRCUIT: 18-CI-03774 Certified Mail
PECK, JASON W, ET AL VS. AIR EVAC EMS, INC.



Page 1 of 1        eFiled

| AOC-E-105  Sum Code: CI |  | Case #: **18-CI-03774** |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky  Court of Justice   Courts.ky.gov | | County: **FAYETTE** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff*, **PECK, JASON W, ET AL VS. AIR EVAC EMS, INC.**, *Defendant*

TO: **AIR EVAC LIFETEAM**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Vincent Riggs, Fayette Circuit Clerk
Date: **10/25/2018**

Presiding Judge: HON. THOMAS L. TRAVIS (522370)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

_____  Served By

_____  Title

Summons ID: @00000827755
CIRCUIT: 18-CI-03774 Return to Filer for Service
PECK, JASON W, ET AL VS. AIR EVAC EMS, INC.



Page 1 of 1

eFiled



**Commonwealth of Kentucky**

**Vincent Riggs, Fayette Circuit Clerk**

Case #: **18-CI-03774**    Envelope #: **1276981**

Received From: **JOHN COWAN**    Account Of: **JOHN COWAN**

Case Title: **PECK, JASON W, ET AL VS. AIR EVAC EMS, INC.**    Confirmation Number: **84212644**

Filed On: **10/25/2018  1:51:46PM**

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Charges For Services(Jury Demand / 12) | $70.00 |
| 8 | Money Collected For Others(Postage) | $11.98 |
| 9 | Charges For Services(Copy - Photocopy) | $0.90 |
| | **TOTAL:** | **$303.88** |

# County
# Random Judge Assignment Report

**Court:** FAYETTE CIRCUIT COURT - CIVIL CASES

**Requestor:** KIMK

**Reference/Case Number:** 18-CI-3774

**This Case has been Assigned to:** 8th **Division**

Judge Thomas L. Travis   622370

**Control Date/Time:** 10/25/2018   2:09:09PM