UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JASON PECK, et al., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 5: 18-615-DCR |
| | ) |
| V. | ) |
| | ) |
| AIR EVAC EMS, INC., d/b/a | ) **MEMORANDUM ORDER** |
| AIR EVAC LIFETEAM, | ) |
| | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Jason Peck filed a class action on behalf of former flight nurses, flight paramedics, and pilots employed by Defendant Air Evac, EMS, Inc. ("Air Evac"), for violations of the Kentucky Wage and Hour Act. The parties participated in mediation and agreed to settle the matter. The parties originally agreed to a gross settlement fund of $3,000,000.00, but it was later reduced to $2,950,000.00. The class included 428 "current and former flight nurses, flight paramedics, and pilots employed by [Air Evac] in the Commonwealth of Kentucky at any time from October 25, 2013 through July 17, 2019." [Record No. 28-2, p. 7] The Court approved the Settlement Agreement and issued a final judgment on January 21, 2020. [Record Nos. 36, 37]

On February 19, 2020, however, Peck filed an emergency motion seeking interpretation of the Settlement Agreement and clarification of the judgment. [Record No. 42] More specifically, Peck asks the Court to interpret the meaning of the release of "all claims against said Defendants arising out of this litigation." He believes that the release of claims contained in the Settlement Agreement applies solely to the alleged violations of the Kentucky wage and

- 1 -

hour statutes, and particularly the failure to properly pay employees in the Commonwealth of Kentucky according to its statutory system. [*Id.*, p. 1] Air Evac has asserted in another class action and in its response to the present motion that the release of claims is broader and includes all claims for overtime wages in any state asserted by class members of this action. Accordingly, Peck requests interpretation of the Settlement Agreement.

The plaintiff cites *Kokkonen v. Guardian Life Ins. Co. of Am.*, in support of its argument that the Court retained jurisdiction to interpret the Settlement Agreement. 114 S. Ct. 1673 (1994). In *Kokkonen*, the Supreme Court explained that the parties can seek to provide for the Court's enforcement of a dismissal producing settlement agreement. *Id.* at 1677. However, the Settlement Agreement's language requesting retention of jurisdiction must be incorporated into the Court's final Order or the Court needs to include a provision retaining jurisdiction of the settlement contract. *Id.* at 1677. There, the Supreme Court found that there was no jurisdiction to enforce the settlement agreement and explained that:

> [t]he situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.

*Id.*; *see also Johnson v. Besteman*, No. 17-2238, 2018 U.S. App. LEXIS 8740 (6th Cir. Apr. 5, 2018) ("*Kokkonen* authorized district courts to enforce settlement agreements only when there has been (a) a retention of jurisdiction over a settled case, or (b) an incorporation of the settlement agreement in the dismissal order.").

In the present action, the Court did not include a provision broadly retaining jurisdiction or incorporating the terms of the Settlement Agreement as part of the Court's final Order. Although the Settlement Agreement includes a paragraph discussing retention of jurisdiction

to interpret the Settlement Agreement, the Court's final Memorandum Opinion and Order merely approved the Settlement Agreement, it did not incorporate all terms of that document. [Record No. 36] Instead, the order stated the Court only retained jurisdiction over the one outstanding issue regarding Robert Haney's settlement payment, which has now been resolved. [*Id.*] Accordingly, the Court lacks jurisdiction to resolve the dispute at issue.

Being sufficiently advised, it is hereby

**ORDERED** that the Plaintiff Jason Peck's emergency motion for relief [Record No. 42] is **DENIED**.

Dated: February 24, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky